Davenport *et al. v.* Farrar.

---

GEORGE DAVENPORT, JAMES BENNETT, HORATIO NEW-HALL, JOHN BOLLES, and CHARLES FARNHAM, appellants *v.* SOPHIA FARRAR, appellee.

*Appeal from Jo Daviess.*

A widow can only be endowed of estates of inheritance.

A pre-emption right is not an estate of which a widow can be endowed.

The statute making equitable estates subject to dower, clearly refers to equitable estates of inheritance only.

. (1) 2 Rand. 20.

Davenport *et al. v.* Farrar.

The words *owner* and *proprietor,* are insufficient in a petition for dower, as descriptive of the estate of the deceased husband of the petitioner. They do not technically, nor by common usage, describe an estate in fee simple, or fee tail.

When a party comes into a court of justice, it is incumbent upon him to exhibit a right to recover, in clear and legal language, otherwise the court cannot grant the relief sought.

A petition for dower, should state such facts as would show that the husband of the petitioner was possessed of such an estate as is contemplated by the statute.

THIS cause was finally heard in the Court below, at the August term, 1836, before the Hon. Thomas Ford.

A. COWLES and T. DRUMMOND, for the appellants.

J. PEARSON, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was a *petition* filed by Sophia Farrar in the Circuit Court of Jo Daviess county, to have her dower assigned to her under the act entitled *" An act for the speedy assignment of Dower, and Partition of Real Estate,"* approved 6th February, 1827. (1). The petition states that Sophia Farrar is widow of Amos Farrar, deceased, and that her husband, in his life time, was a joint owner and proprietor with George Davenport and Russell Farnham, now deceased, of the following described real estate, situate in the county of Jo Daviess, namely, a tract of land situate at a place called the " Portage," between the Mississippi and Fever Rivers, about four miles below Galena, together with a farm and several buildings and other improvements thereon erected, formerly occupied as a trading establishment with Indians, by Davenport, Farrar, and Farnham. Also three lots of ground in the town of Galena, which are particularly described. The petition further states that Amos Farrar, her said husband, continued to hold the above described premises jointly with the said Davenport and Farnham, to the time of his death; that he left one child, an infant; and that her dower in said premises has not yet been assigned and set over to her, according to the intendment of law.

A variety of proceedings was had in the Court below, which it is unnecessary to recite, and which resulted in a decree that Sophia Farrar was entitled to dower in the tract of land and town lots mentioned and described in her petition. Numerous errors have been assigned; it will however be unnecessary to notice any but the following one, to wit, " That by the record it appears that the husband of the appellee had no such estate in the premises, during coverture, and at the time of his death, of which, by the law of the land, dower could be assigned." By the second section of the act above recited, it is declared, that " Every widow claiming dower, may file her petition in the Circuit Court

(1) R. L. 236; Gale's Stat. 252.

of the county, against the parties mentioned in the first section of the act, stating their names, if known, setting forth the nature of her claim, and particularly specifying the lands, tenements, and hereditaments, in which she claims dower, and praying that the same may be allowed to her," &c.   Does this petition, with sufficient clearness and certainty, set forth the nature of the claim to dower ?   To answer this question, it is necessary to ascertain what estate a husband must have in land, to entitle his wife to dower therein.   At common law, a woman is entitled to be endowed of all the lands and tenements of which her husband was seized in fee simple or fee tail general, at any time during coverture ; and of which any issue which she might have had, might by possibility have been heir.   In addition to this provision of the common law, the 49th section,(1) of the statute relative to wills and testaments, executors and administrators, and the settlement of estates, provides, " That equitable estates shall be subject to the widow's dower, and all real estate of every description contracted for by the husband in his life time, the title to which may be completed after his decease."   By the phrase " equitable estates," in this statute, we understand equitable estates of inheritance.   The legislature in making this alteration of the common law, could not have intended to embrace any estate less than an estate of inheritance ; because estates for years are subject to the payment of debts, and on distribution of the surplus of the personal estate, the widow comes in for her third of that surplus, including estates for years.   Does then this petition show that the husband of the petitioner was seized of the lands and lots mentioned therein in fee simple, or fee tail general ?   The only words in the petition, explanatory of the nature of the estate of the husband, are, that he was joint *owner* and *proprietor*, with others, of the land and lots.   These words do not technically, nor by common usage, describe an estate in fee simple or fee tail, but are general words applicable to the possessors of all estates, and may mean estates for years, or for life, as well as estates of inheritance.   When a party comes into a court of justice, it is incumbent upon him to exhibit a right to recover, in clear and legal language, otherwise the court cannot grant the relief sought.   There should be nothing ambiguous or doubtful in the nature of the right claimed.   When certain words obtain in law a particular signification, and are always used to express a given idea, they become technical ; and a wilful or unnecessary departure from them ought not to be tolerated by courts of justice, unless the substituted words express the same idea, and are equally limited in their signification.   The petitioner, then, not having set forth by words known to the law, that her husband was seized of such an estate of inheritance as was necessary in

(1) R. L. 627 ; Gale's Stat. 697.

order to entitle her to dower in the premises, but having used words that are of such general signification as to include other estates than those of inheritance, has failed to bring such a case before the Court, as to entitle her to recover. If the petition relied upon the equitable estates mentioned in the statute, it still would have been necessary to state such facts as would show that her husband had such an equity as is contemplated by the statute. The Court being of opinion that the petition is insufficient to justify a claim for dower, might refrain from expressing an opinion upon other questions that were argued in this cause; but as it is probable that new proceedings may be instituted, if no opinion is given upon what are probably the merits of this cause, they deem it advisable to state their views, as to the question whether a right of pre-emption under the laws of Congress, is such an estate in the husband, that a widow can be endowed of it. A pre-emption interest in land, is unknown to the common law. Does then a pre-emptioner under the acts of Congress, possess in law or equity, an estate of inheritance? It would seem to be sufficient merely to state the question, to answer it in the negative. What is his right? It is a right to purchase at a fixed price, within a limited time, in preference to others. If he is either unable or unwilling to purchase at the price, or by the time mentioned in the law, the land can be sold to others, and the pre-emptioner turned out of possession as an intruder. These conditions annexed to his possession, clearly show that his interest is only temporary, and may never ripen into an estate of inheritance. While, therefore, the pre-emptioner remains in possession, his estate cannot be considered of a higher nature than an estate for years, and consequently the widow cannot be endowed of it.

The judgment must therefore be reversed with costs.

*Judgment reversed.*